UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TEXTRON FINANCIAL CORPORATION,    )
                                  )
         Plaintiff,               )
                                  )
v.                                )
                                  )   No.
FISH RITE, INC., and JAMMIE G. DORSEY,  )
                                  )
         Defendants.              )

## COMPLAINT

COMES NOW Plaintiff Textron Financial Corporation ("TFC"), by and through counsel, and hereby submits its Complaint against Fish Rite, Inc. ("Fish Rite") and Jammie G. Dorsey ("J. Dorsey"). In support, TFC states as follows:

### PARTIES, JURISDICTION AND VENUE

1.  TFC is a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Rhode Island.

2.  TFC is a citizen of the States of Delaware and Rhode Island.

3.  TFC is, and was at all relevant times, a commercial lender providing financing to dealers of Fish Rite products.

4.  Upon information and belief, Fish Rite is a corporation incorporated under the laws of the State of Oregon with its principal place of business located at 1419 Justice Road, Central Point, Oregon.

5.  Fish Rite is a citizen of the State of Oregon.

6.  Upon information and belief, J. Dorsey is an individual who resides at 97 Andesite, Jacksonville, Oregon.

7. J. Dorsey is a citizen of the State of Oregon.

8. Fish Rite was, at all relevant times, a manufacturer of Fish Rite products which were sold by dealers ("Fish Rite Dealers").

9. This Court has jurisdiction of this civil action by the terms and provisions of 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between the parties and the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.

10. Venue properly lies in this Court under the provisions of 28 U.S.C. § 1391 because (i) Fish Rite is subject to personal jurisdiction in this judicial district and (ii) a substantial part of the events giving rise to TFC's claims occurred in this judicial district.

## Repurchase Agreement

11. On or about June 28, 2007, Fish Rite and TFC entered into a Repurchase Agreement (the "Repurchase Agreement"), whereby TFC agreed to finance or refinance the acquisition of inventory from Fish Rite by "Fish Rite Dealers" for retail sale in the ordinary course of business. A true and accurate copy of the Repurchase Agreement is attached hereto as **Exhibit 1** and incorporated by reference herein. The Repurchase Agreement was prepared by TFC in its offices in Minnesota and forwarded to Fish Rite for execution. After Fish Rite signed the Repurchase Agreement, TFC executed the Repurchase Agreement at its office in Golden Valley, Minnesota.

12. In order to induce TFC to finance Fish Rite products for Fish Rite Dealers, TFC and Fish Rite agreed that the terms of the Repurchase Agreement would set forth the general terms of the relationship between TFC and Fish Rite. TFC, through loan agreements with Fish Rite Dealers, financed or refinanced the purchase of products from Fish Rite by sending payment directly to Fish Rite after receipt of the wholesale invoice from Fish Rite. *See* Ex. 1, ¶ 1.

13. TFC and Fish Rite further agreed that if TFC came into possession of inventory it financed for a Fish Rite Dealer, TFC would notify Fish Rite and Fish Rite would repurchase the products within fourteen (14) calendar days at the "Repurchase Price" equal to the outstanding principal, accrued interest and delinquency charges, plus all reasonable expenses incurred by TFC in connection with repossession and/or storage (including legal fees), minus amounts incurred by Fish Rite, if any, to restore the products to the reasonable equivalent of unused condition. *See* Ex. 1, ¶ 3.

14. Fish Rite's obligation to repurchase inventory according to the terms of the Repurchase Agreement was "absolute and unconditional". *See* Ex. 1, ¶ 7.

15. On or about June 28, 2007, J. Dorsey entered into a Guaranty (the "Guaranty"), whereby he unconditionally guaranteed the prompt and punctual payment of all obligations of Fish Rite in favor of TFC. A true and accurate copy of the Guaranty is attached hereto and incorporated herein as **Exhibit 2**.

16. In the Guaranty, J. Dorsey agreed he would "be liable for all attorneys' fees and other costs and expenses incurred by Textron in connection with Textron's enforcement of this Guaranty." Ex. 2, ¶ 6.

17. TFC administered the Repurchase Agreement, Guaranty and financing for Fish Rite Dealers from its office in Golden Valley, Minnesota.

### Defaults Under Repurchase Agreement

18. Under the terms of the Repurchase Agreement, Fish Rite promised to remit to TFC the Repurchase Price of each item of inventory financed when repurchase was requested by TFC. Fish Rite further promised to remit any expenses incurred by TFC in connection with the repossession and storage of the inventory, including legal fees.

19. On April 21, 2009, TFC sent a letter requesting repurchase of certain inventory repossessed from Sandy's Everett Boat House, Inc., a Fish Rite Dealer, in the aggregate sum of $454,856.83 (the "Repurchase Request"). A true and accurate copy of the Repurchase Request is attached hereto as **Exhibit 3** and is incorporated by reference herein.

20. Despite numerous attempts by TFC to obtain payment of the outstanding amount due from Fish Rite pursuant to the Repurchase Agreement, Fish Rite failed to repurchase the inventory from TFC. In light of Fish Rite's breach of the Repurchase Agreement, TFC sold repossessed Fish Rite units subject to the Repurchase Request in order to mitigate its damages. After applying appropriate credits for the sale of the inventory, $165,365.77 remains unpaid.

21. On May 17, 2010, TFC sent a final demand letter to Fish Rite which notified Fish Rite of its breach of the Repurchase Agreement and demanded payment for amounts due under the Repurchase Agreement. A true and accurate copy of the May 17, 2010 letter is attached hereto as **Exhibit 4** and is incorporated by reference herein.

22. TFC subsequently demanded that J. Dorsey repay Fish Rite's obligations pursuant to the Guaranty.

23. Defendants continue to refuse to pay the amount demanded by TFC.

## COUNT I
### (BREACH OF CONTRACT - FISH RITE)

For Count I of its Complaint against Fish Rite, TFC states as follows:

24. TFC hereby incorporates by reference in this paragraph 24, and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 23 of this Complaint.

25. The Repurchase Agreement constitutes a valid and binding contract, enforceable against Fish Rite in accordance with its terms.

26. Fish Rite is in breach of its obligations under the terms of the Repurchase Agreement for failing to repurchase the inventory identified in the Repurchase Request.

27. Despite the demands TFC made upon Fish Rite, Fish Rite has failed to remit payment or repurchase the inventory as required by the terms of the Repurchase Agreement.

28. Fish Rite's breach of the Repurchase Agreement is continuing because it has still failed to pay the deficiency balance due according to the terms of the Repurchase Agreement.

29. As of August 31, 2009, TFC has been damaged by Fish Rite's breach of the Repurchase Agreement in an amount of $174,158.10, which amount represents sums due TFC under the Repurchase Agreement. In addition, TFC is entitled to any additional sums due under the Repurchase Agreement including applicable interest, pre-judgment and post-judgment.

**WHEREFORE**, TFC respectfully requests that this Court enter judgment in favor of TFC and against Fish Rite, granting the following relief:

    a. Damages in an amount of $174,158.10, and any additional sums due TFC under the Repurchase Agreement including applicable interest, pre-judgment and post-judgment; and

    b. Such other and further relief as the Court deems just and proper.

### COUNT I
### (BREACH OF CONTRACT – JAMMIE G. DORSEY)

For Count I of its Complaint against J. Dorsey, TFC states:

30. TFC hereby incorporates by reference in this paragraph 30 and realleges as if the same were fully set forth herein, the allegations contained in paragraphs 1 through 29 of this Complaint.

31. J. Dorsey is a guarantor of Fish Rite's indebtedness pursuant to the Guaranty, whereby he unconditionally guaranteed the prompt and punctual payment of all obligations in favor of TFC from Fish Rite.

32. Fish Rite is in default under the terms of the Repurchase Agreement and as of August 31, 2009, TFC has been damaged by Fish Rite's breach of the Repurchase Agreement in an amount of $174,158.10, which amount represents sums due TFC under the Repurchase Agreement.

33. Pursuant to the terms of the Guaranty, J. Dorsey is liable for all amounts due and owing to TFC from Fish Rite, including accruing interest, attorneys' fees and court and collection costs incurred by TFC in its efforts to collect the amounts due and owing.

WHEREFORE, TFC respectfully requests that this Court enter judgment against Jammie G. Dorsey and in favor of TFC, granting the following relief:

   a. Damages in an amount of $174,158.10, and any additional sums due TFC under the Repurchase Agreement including applicable interest, pre-judgment and post-judgment;

   b. An award of TFC's expenses, reasonable attorneys' fees, and other costs of collection incurred; and

   c. Such other and further relief as the Court deems just and proper.

Dated: July 12, 2010  Respectfully submitted,

/s/ Jeffrey W. Jones
Paul L. Ratelle (#127632)
Jeffrey W. Jones (#311418)
Fabyanske, Westra, Hart & Thomson, P.A.
800 LaSalle Avenue, Suite 1900
Minneapolis, MN 55402
Phone: (612) 359-7600
Fax: (612) 359-7602

OF COUNSEL:
William R. Bay
Jill M. Johnson
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri 63101
Phone: (314) 552-6000
Fax: (314) 552-7000

*Attorneys for Plaintiff Textron Financial Corporation*